UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ALEJANDRO PUERTO SORI,

     Petitioner,

v.                           No. 6:26-CV-075-H

MARKWAYNE MULLIN, et al.,[1]

     Respondents.

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Alejandro Puerto Sori, a native and citizen of Cuba, is one such alien, having illegally entered the United States just over two years ago. His habeas petition acknowledges *Buenrostro-Mendez* and Section 1225(b)'s application here, but says that the process of his re-detention was contrary to DHS's internal regulations and, at any rate, violates the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Puerto Sori's regulatory claim is frivolous. And neither the substantive nor procedural veins of due process require a custodial hearing or related process prior to re-detention. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Puerto Sori are subject to mandatory detention, but they are permitted to remain in U.S. custody and fight

---

[1] Markwayne Mullin replaced Kristi Noem as Secretary of Homeland Security on March 26, 2026. Thus, he is automatically substituted as a party to this action. *See* Fed. R. Civ. P. 25(d).

to remain here.  That is more than sufficient process so far as the Due Process Clause is concerned.

Because the legal arguments and facts presented in the petition are indistinguishable from those addressed in the Court's prior decisions denying relief, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243.  Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here.  *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition (Dkt. No. 1) is denied.

## 1.    Background

In 2023, Puerto Sori was detained while illegally crossing into the United States at or near Lukeville, Arizona.  Dkt. No. 1-2 at 1.  Amidst a wave of illegal entries across the U.S.-Mexico border and a resulting lack of space to hold detainees, ICE released Puerto Sori into the United States on recognizance.  *See* Dkt. No. 1-3 at 2.  At that time, Puerto Sori was placed into removal proceedings with a Notice to Appear, charging him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  Dkt. No. 1-2 at 1; *see* 8 U.S.C. § 1182(a)(6)(A)(i).  ICE recently re-detained Puerto Sori and placed him in custody at the Eden Detention Center in Eden, Texas.  Dkt. No. 1 ¶¶ 2, 15.

Around the time of Puerto Sori's re-detention, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225.  *See* 166 F.4th at 498.  The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien

who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at \*5 (N.D. Tex. Jan. 9, 2026)).

Before the Court is Puerto Sori's petition for a writ of habeas corpus. Dkt. No. 1. He "does not seek a bond right under [Section] 1225(b) and does not challenge the statutory detention scheme on its face." *Id.* ¶ 18. Instead, he raises two distinct claims. First, he contends that—notwithstanding *Buenrostro-Mendez*—ICE could not re-detain him without first providing an individualized custody determination. *Id.* ¶¶ 42–50. Relatedly, he says that he is entitled to consideration for humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). Second, he asserts that his detention violates his substantive and procedural due process rights under the Fifth Amendment. *Id.* ¶¶ 20–41.

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ

to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3. Analysis

As noted above, Puerto Sori raises two claims in his habeas petition—one involving DHS's regulations and another involving the Fifth Amendment's Due Process Clause. As explained below, *Buenrostro-Mendez* renders Puerto Sori's regulatory claim frivolous. Thus, the only claim left for consideration is his due process claim. The Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[2] Puerto Sori's petition, though it focuses on the re-detention aspect, rests on identical legal principles. Even so, the Court considers the arguments raised in Puerto Sori's briefing to address whether his detention violates the Constitution. The answer is no.

### A. *Buenrostro-Mendez* renders Puerto Sori's regulatory claim frivolous.

Puerto Sori is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Puerto Sori is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and

---

[2] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 2026 WL 81679; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498.[3]

But, he argues, BIA precedent requires a hearing and consideration of certain factors before re-detaining him. *See* Dkt. No. 1 ¶¶ 45–49. Even if Puerto Sori has the correct read of BIA precedent, this claim is frivolous. "[T]he government's past practice" of treating unadmitted aliens as subject to Section 1226(a) "has little to do with the statute's text." *Buenrostro-Mendez*, 166 F.4th at 506. Insofar as such regulations "contradict the plain text of [Section] 1225(b)(2)(A), the statute governs because 'a valid statute always prevails over a conflicting regulation.'" *Benitez v. Bradford*, No. 4:25-CV-6178, 2026 WL 82235, at *1 (S.D. Tex. Jan. 8, 2026) (Eskridge, J.) (quoting *Duarte v. Mayorkas*, 27 F.4th 1044, 1060 n.13 (5th Cir. 2022)). Under Section 1225(b)(2)(A), detention is not within the government's discretion—it is mandatory. His claim thus fails.

Relatedly, Puerto Sori also argues that he is entitled to relief under Section 1182(d)(5)(A). But "the text of [Section] 1182(d)(5)(A) clearly leaves such parole determinations to the discretion of the Attorney General." *Sanchez v. Smith*, No. 4:25-CV-5384, 2025 WL 3687914, at *1 (S.D. Tex. Dec. 19, 2025) (Eskridge, J.). The INA expressly "strip[s] courts of jurisdiction to review such parole determinations." *Id.* at *2; *see* 8 U.S.C. § 1252(a)(2)(B)(ii). Puerto Sori is thus not entitled to relief.

---

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.1. Furthermore, the fact that Puerto Sori was released on recognizance was not a form of admission. *See Goyo Martinez*, 2026 WL 114418, at *3–4, 7.

### B.    Puerto Sori's detention does not violate the Due Process Clause.

Next is Puerto Sori's claim that his re-detention violates the Due Process Clause of the Fifth Amendment.  Dkt. No. 1 ¶¶ 20–41.  His claim seeks relief on both substantive and procedural due process grounds.  But either way, he is not entitled to relief.

Start with substantive due process.  That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'"  *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)).  While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures.  The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens."  *Muñoz*, 602 U.S. at 911–12.  To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens."  *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention.  In fact, the Supreme Court has endorsed the constitutionality of detaining aliens during the pendency of removal proceedings.  In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process."  *Id.*  Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."  *Id.* at 528.  It follows that "the Government may constitutionally

detain deportable aliens during the limited period necessary for their removal proceedings."

*Id.* at 526.  Against that backdrop, the notion that substantive due process requires an ex

ante determination before re-detaining an alien already subject to mandatory detention is

untenable.

A procedural due process claim fares no better.  As an "applicant for admission,"

Puerto Sori has "only those rights regarding admission that Congress has provided by

statute."  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S.

21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the

United States requests a privilege and has no constitutional rights regarding his application,

for the power to admit or exclude aliens is a sovereign prerogative.").  With Section 1225,

Congress set the procedural rights afforded to aliens who are present in the United States

without admission.  "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of

applicants for admission until certain proceedings have concluded."  *Jennings v. Rodriguez*,

583 U.S. 281, 297 (2018).  Accordingly, Puerto Sori is not entitled to a hearing or other,

similar ex ante process prior to being re-detained.

### 4.    Conclusion

In short, Puerto Sori, as an "applicant for admission," is properly detained under

Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 498.  That renders his regulatory

claim frivolous.  His re-detention does not raise due process concerns.  Thus, the petition for

a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States

Attorney's Office for the Northern District of Texas pursuant to the current Service of

Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on April 22, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE